the IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DOE, | ) | 8:10CV85 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER PLAINTIFF'S** |
| BOARD OF REGENTS OF THE | ) | **MOTION TO AMEND** |
| UNIVERSITY OF NEBRASKA, et | ) | **COMPLAINT AND** |
| al., | ) | **DEFENDANTS' MOTION TO** |
| | ) | **DISMISS** |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion to amend complaint (filing no. 42) and the defendants' Motion to Dismiss (filing no. 29). For the reasons discussed below, the plaintiff's motion to amend is granted and the defendants' Motion to Dismiss is denied without prejudice to reassertion in response to the plaintiff's Amended Complaint.

The plaintiff's Motion, filed on July 9, 2010, (filing No. 42) asks the court for leave to amend in the "interest of justice." (*Id*. at CM/ECF p. 1.)  Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires."  The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Id.* Further, a motion to amend a complaint "render[s] moot" a pending motion to dismiss. *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

The court has carefully reviewed the proposed Amended Complaint and finds that amendment would not be futile and is not made in bad faith. Rather, the proposed Amended Complaint clarifies the plaintiff's claims. Further, the defendants have not opposed the plaintiff's motion to amend. In light of this, the defendants' Motion to Dismiss (filing no. 29) is denied without prejudice to reassertion in response to the plaintiff's Amended Complaint.

IT IS THEREFORE ORDERED that:

1. the plaintiff's Motion to amend (filing no. 42) is granted. The clerk of the court is directed to file the Amended Complaint as a separate document which will be the operative complaint in this matter;

2. the defendants' Motion to Dismiss (filing no. 29) is denied, in accordance with this memorandum and order;

3. the defendants shall have until September 15, 2010, to file an answer or other responsive pleading to the plaintiff's Amended Complaint; and

4. The clerk of the court is directed to set a pro se case management deadline in this case with the following text: September 15, 2010: deadline for the defendants to file an answer or other responsive pleading.

Dated August 17, 2010.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge